*E-Filed: February 13, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL DELACRUZ, SR.,<br><br>    Plaintiff,<br>v.<br>THE STATE BAR OF CALIFORNIA; et al.,<br>    Defendants. | No. C14-05336 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Dkt. Nos. 88, 90, 93]** |

    Daniel Delacruz, Sr., proceeding pro se, sues the State Bar of California, the Judicial Council of California, Judge Julie R. Culver, Gordon & Rees LLP, Heather Irwin, and others, for denying him a license to practice law. Presently before the Court are three motions to dismiss: (1) a motion to dismiss filed by the Judicial Council of California and Judge Julie R. Culver (Dkt. No. 88); (2) a motion to dismiss filed by the State Bar of California, the State Bar of California Client Security Fund, Lucy Armendariz, Judith A. Epstein, Catherine D. Purcell, Joann M. Remke, Allen Blumenthal, Cydney Batchelor, Susan Chan, Manuel Jimenez, Susan Kagan, Jayne Kim, Donald Steedman, Bill Stephens, Vincent Au, Lisa Cummins, Debra Lawson, Richard Frankel, Sean McCoy, Larry Sheingold, Randy Difuntorum, Lauren McCurdy, Andrew Tuft, Starr Babcock, Rachel S. Grunberg, William Shaffer, and Richard Zanassi (collectively "State Bar Defendants") (Dkt. No. 93); and (3) a motion to dismiss filed by Gordon & Rees LLP and Heather Irwin (Dkt. No. 90). Although Plaintiff and the moving parties have consented to having all matters proceed before a magistrate judge, a magistrate judge cannot issue a dispositive order unless all *served* parties have

consented. Plaintiff has served at least one party who has neither consented nor declined. Accordingly, the undersigned orders that this case be reassigned to a District Judge.

The matter is deemed suitable for determination without oral argument. The February 17, 2015 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the undersigned recommends that the District Judge grant the motions to dismiss.

## BACKGROUND

Plaintiff asserts nineteen claims against 51 defendants. Plaintiff's allegations arise from numerous unrelated events, including: (1) a conviction for domestic violence in 1997; (2) alleged wrongdoing by police officers and a superior court judge; (3) Plaintiff's bankruptcy filing in 2000; (4) alleged tax problems due to the timing of Plaintiff's medical treatment for Fabry's Disease; (5) disputes between Plaintiff and two former employers in the 1990s; (6) the California State Bar's denial of Plaintiff's law license due to his failure to pass the moral character determination; and (7) the California State Bar's failure to hire Plaintiff following Plaintiff's applications for employment submitted over a two-year period. The three motions to dismiss presently before the Court concern the California State Bar's denial of Plaintiff's law license and its failure to hire Plaintiff.

### I. Denial of Plaintiff's Law License

Plaintiff took and passed the California state bar exam. The California State Bar denied Plaintiff a law license on the basis that he lacked the requisite good moral character. Def. RJN, Exh. A;[1] Compl. ¶¶ 183, 253, 326, 328. Plaintiff alleges that the California State Bar admissions and moral character process unfairly discriminated against him based on his disability and race.

Plaintiff appealed the negative moral character determination to the State Bar Hearing Department, which held an administrative moral character determination trial. Compl. ¶¶ 49, 185. The Hearing Department issued a decision concluding that Plaintiff did not have the requisite good moral character to be recommended for admission to practice law. Def. RJN, Exh. A. Plaintiff sought review, and the Review Department issued an opinion upholding the Hearing Department's

---

[1] The State Bar Defendants' request for judicial notice (Dkt. No. 93-2) is granted. *See* Fed. R. Evid. 201. The Hearing Department decision and the Review Department opinion became public once Plaintiff filed his petition for review with the California Supreme Court challenging the adverse moral character determination, as Plaintiff waived confidentiality when he filed the petition. *See* Cal. Bus. & Prof. Code § 6060.2.

2

determination. *Id.*, Exh. B.  Plaintiff filed a petition for review with the California Supreme Court challenging the Review Department's determination, which was denied. *Id.*, Exhs. C, D.  Plaintiff filed a petition for writ of certiorari with the United States Supreme Court, which was also denied. *Id.*, Exh. E.

Lucy Armendariz, Catherine D. Purcell, and Judith A. Epstein are judges of the California State Bar Court, and JoAnn M. Remke is the former presiding judge of the State Bar Court.  Judge Armendariz presided over Plaintiff's moral character proceeding at the Hearing Department level.  Def. RJN, Exh. A.  Judges Purcell, Epstein, and Remke presided over Plaintiff's moral character proceeding at the Review Department level. *Id.*, Exh. B.

Allen Blumenthal, Cydney Batchelor, Susan Chan, Manual Jimenez, Susan Kagan, and Donald Steedman are senior attorneys in the Office of the Chief Trial Counsel for the California State Bar.  All were assigned to Plaintiff's moral character case.  Compl. ¶¶ 49, 205-07, 237.  Jayne Kim is the Chief Trial Counsel.  Bill Stephens is an Investigator II in the Office of the Chief Trial Counsel, and worked on Plaintiff's moral character case. *Id.* ¶¶ 233, 260.

Sean McCoy, Richard Frankel, and Larry Sheingold are Committee members for the California State Bar who participated in Plaintiff's moral character proceedings. *Id*. ¶¶ 50, 182, 201, 202, 225, 226, 228, 243, 269.  Lisa Cummins is a former Committee member who also participated in Plaintiff's moral character proceedings. *Id*. ¶¶ 167-68, 212, 228.

Debra Lawson is the Director of Moral Character Determinations in the Office of Admissions for the California State Bar. *Id*. ¶¶ 183-84, 226.  Vincent Au is a Moral Character analyst.  Lisa Cummons is currently the Director of Examinations.

Starr Babcock is the former General Counsel in the Office of General Counsel for the California State Bar.  William Shaffer was formerly employed as a contract attorney in the Office of General Counsel.  Rachel Grunberg is a senior attorney.  Richard Zanassi is the Chief Assistant General Counsel.  Babcock, Shaffer, Grunberg, and Zanassi were all counsel of record in Plaintiff's moral character case when he filed a petition for review with the California Supreme Court. *Id*. ¶¶ 248-51, 371.

Plaintiff alleges that Judge Culver, a Monterey County Superior Court Judge, communicated with the California State Bar or opined about Plaintiff in connection with California State Bar proceedings, which resulted in the denial of his law license. *Id.* ¶¶ 167, 212, 335, 408. Plaintiff alleges that the Judicial Council of California "employs" Judge Culver. *Id.* ¶ 7.

### II. Denial of Plaintiff's Employment Applications

Defendants Gordon & Rees LLP and Heather Irwin represented the State Bar in connection with administrative actions filed by Plaintiff.

From March 2012 to March 2014, Plaintiff applied for employment in the State Bar. *Id*. ¶ 256. Plaintiff applied for the positions of paralegal, legal secretary, and administrative assistant. *Id*. Plaintiff alleges that he was more qualified for the positions than the individuals hired because he had a bachelor's degree in information technology and "formidable research skills." *Id.* ¶¶ 259-60. The State Bar rejected his applications. *Id*. ¶ 267. Plaintiff alleges that he was denied employment because he was discriminated against on the basis of race and disability. *Id*. ¶ 31.

Randy Difuntorum is the Director of the Office of Professional Competence ("OPC") in the California State Bar. Lauren McCurdy is a Senior Administrative Specialist in the OPC. Andrew Tuft is an attorney in the OPC. Difuntorum, McCurdy, and Tuft were all part of the "selection team" for the paralegal, legal secretary, and administrative assistant positions that Plaintiff applied for.

Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") and a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against the California State Bar and several individual attorneys at the California State Bar. *Id*., Exh A. The State Bar retained Gordon & Rees to defend it in connection with the administrative charges. *Id*. ¶¶ 16, 275. Irwin is an attorney at Gordon & Rees.

Plaintiff alleges that in May 2014, Irwin "falsely asserted to the DFEH that 'individuals are not liable for discrimination and retaliation.'" *Id*. ¶ 275. In addition, Plaintiff alleges that in April or May, 2013, "Plaintiff was monitoring Internet connections accessing his computer network and notified Heather Irwin that her law firm's Internet Protocol address has accessed Plaintiff's network. Subsequently, Plaintiff's email account was compromised with Spam emails being sent to various

recipients including the State Bar from Plaintiff's email account that included links to pornographic websites." *Id.* ¶ 276.

## DISCUSSION

### I. Motions to Dismiss filed by the California Judicial Council, Judge Culver, and the California State Bar Defendants

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, as is made here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Eleventh Amendment only withholds article III jurisdiction from cases predicated upon citizen-state diversity, the Supreme Court has judicially extended its reach to bar federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant—even where jurisdiction is predicated upon a federal question—unless the state has affirmatively consented to suit." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).

Eleventh Amendment immunity also prohibits naming state agencies and departments as defendants. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). "Sovereign immunity cloaks the state agent or agency because, if the plaintiff prevails, such a judgment would have the same effect as if it were rendered directly against the State for the amount specified in the complaint." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991).

#### A. California Judicial Council and Judge Culver

Here, the California Judicial Council is a state governmental body created in accordance with the California Constitution. Cal. Const. art. VI, § 6. The Judicial Council is an arm of the state. *See Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004). Accordingly, the Judicial

Council is protected by Eleventh Amendment immunity.

In addition, suits against judges acting in their official capacity are also barred by the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 117. Here, Plaintiff sues Judge Culver in her official capacity for damages. His allegations against her are based on powers she possesses by virtue of state law, and Plaintiff alleges she misused her power in a way that violated his constitutional rights. Compl. ¶¶ 96-97, 133, 135, 149, 200, 211, 240, 245, 254. Because Judge Culver is sued in her official capacity, she is immune from liability.

Plaintiff argues that the Judicial Council and Judge Culver are not immune from suit because Congress has abrogated Eleventh Amendment immunity in several areas, including suits for violating Title VII of the Americans with Disabilities Act ("ADA"). Title II abrogates sovereign immunity only if the alleged conduct violates the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). Plaintiff has not alleged or offered any facts showing that the Judicial Council or Judge Culver's conduct violated the Fourteenth Amendment.

Accordingly, the undersigned recommends that Plaintiff's claims against the California Judicial Council and Judge Culver be dismissed with prejudice.

### B. California State Bar Defendants

The California State Bar is a constitutional entity established in the judicial branch of state government. Cal. Const., art. VI, § 9. It was created as an administrative adjunct to assist the California Supreme Court in attorney admission and discipline matters. Cal. Bus. & Prof. Code §§ 6001 *et seq.*; *In re Att'y Disc. Sys.*, 19 Cal. 4th 582, 611 (1998). Its assistance in these areas is an integral part of the Supreme Court's judicial function. *Obrien v. Jones*, 23 Cal. 4th 40, 48 (2000). Plaintiff's claims against the State Bar is barred by the Eleventh Amendment.

The Client Security Fund ("CSF") is a victims' restitution fund authorized by Bus. & Prof. Code § 6140.5. The purpose of CSF is to mitigate pecuniary losses caused by the dishonest conduct of California attorneys in connection with the practice of law. The Board delegated the administration of CSF to a Commission supported by the State Bar's CSF department. Plaintiff's claims against CSF are barred by Eleventh Amendment.

Lucy Armendariz, Judith A. Epstein, Catherine D. Purcell, Joann M. Remke, Allen Blumenthal, Cydney Batchelor, Susan Chan, Manuel Jimenez, Susan Kagan, Jayne Kim, Donald Steedman, Bill Stephens, Vincent Au, Lisa Cummins, Debra Lawson, Richard Frankel, Sean McCoy, Larry Sheingold, Randy Difuntorum, Lauren McCurdy, Andrew Tuft, Starr Babcock, Rachel S. Grunberg, William Shaffer, and Richard Zanassi are employees of the California State Bar, as explained above. Plaintiff sues the State Bar Defendants in their official capacity.[2] Accordingly, Plaintiff's claims against the State Bar Defendants are barred by the Eleventh Amendment.

Plaintiff argues that the Eleventh Amendment does not apply because Congress "unequivocally expressed its abrogation of the Eleventh Amendment immunity pursuant to the ADA." Opp. at 5. As explained above, Title II of the ADA abrogates sovereign immunity only if the alleged conduct violates the Fourteenth Amendment. Here, Plaintiff has not shown that the California State Bar's conduct violated the Fourteenth Amendment. The Ninth Circuit has held that the State Bar's admissions process provides constitutionally sufficient due process. *Giannini v. Real*, 911 F.2d 354, 357 (9th Cir. 1990). In addition, there is no fundamental right to practice law. *Id*. at 358.

Accordingly, the undersigned recommends that Plaintiff's claims against the California State Bar, CSF, Lucy Armendariz, Judith A. Epstein, Catherine D. Purcell, Joann M. Remke, Allen Blumenthal, Cydney Batchelor, Susan Chan, Manuel Jimenez, Susan Kagan, Jayne Kim, Donald Steedman, Bill Stephens, Vincent Au, Lisa Cummins, Debra Lawson, Richard Frankel, Sean McCoy, Larry Sheingold, Randy Difuntorum, Lauren McCurdy, Andrew Tuft, Starr Babcock, Rachel S. Grunberg, William Shaffer, and Richard Zanassi be dismissed with prejudice.

---

[2] Plaintiff alleges that he sues the California State Bar employees in both their official and individual capacity. Plaintiff, however, alleges that they were acting within the purpose, course, and scope of their agency, service, and employment with the California State Bar. Compl. ¶¶ 21-25. Therefore, Plaintiff sues the State Bar employees in their official capacities only. *See Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (court looks to the basis of the claims asserted and the nature of the relief sought, rather than the caption of the complaint, to determine the capacity in which a defendant is sued).

7

**II. Gordon & Rees and Irwin's Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Plaintiff asserts three claims against Gordon & Rees and Irwin: (1) "Fraud (in connection with computers)" in violation of 18 U.S.C. § 1030; (2) "Violence and Intimidation by Threat of Violence (Discrimination based on Sex, Race, Color, Religion, Ancestry, National Origin, Disability, Medical Condition)" in violation of Civil Code § 51.7(a); and (3) "Unauthorized Access to Computers (Property Crime)" in violation of Penal Code § 502.

First, Plaintiff alleges a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009) (citing 18 U.S.C. § 1030(a)(1)-(7)). In order to state a claim for violation of the CFAA, "a private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5)(B)." *Id.*

Here, Plaintiff generally alleges a violation of the CFAA, but fails to allege a specific violation of subsections (a)(1) through (a)(7). To the extent Plaintiff alleges a violation of subsection (a)(2), he must show that Gordon & Rees and Irwin "(1) intentionally accessed a

1  computer, (2) without authorization or exceeding authorized access, and that [they] (3) thereby
2  obtained information (4) from any protected computer (if the conduct involved an interstate or
3  foreign communication), and that (5) there was loss to one or more persons during any one-year
4  period aggregating at least $5,000 in value." *Id*. at 1132.

Here, Plaintiff claims that Gordon & Rees's "Internet Protocol address had accessed Plaintiff's network." Compl. ¶ 276. Plaintiff does not allege that Gordon & Rees and Irwin accessed his computer, nor does he allege that they "obtained information" from his computer. Rather, Plaintiff alleges that after Gordon & Rees's "Internet Protocol address had accessed Plaintiff's network," his email account was "compromised," which caused his account to generate spam emails. *Id*. ¶ 276. Plaintiff fails to show any connection between the alleged access to his network by Gordon & Rees and the generation of spam emails. In addition, Plaintiff does not show any loss from the alleged incident. Accordingly, Plaintiff has failed to state a claim for violation of the CFAA.

Second, Plaintiff alleges that "by compromising Plaintiff's email account and computer network, Heather Irwin discriminated against Plaintiff for his complaints against the State Bar," in violation of Civil Code § 51.7. *Id*. ¶ 378.

Section 51.7 provides: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics." Cal. Civ. Code § 51.7. "The statute requires violence or a threat of violence." *Ramirez v. Wong*, 188 Cal. App. 4th 1480, 1486 (2010). "There can be no 'threat of violence' without some expression of intent to injure or damage plaintiffs or their property." *Id.*

Here, Plaintiff does not allege that Gordon & Rees or Irwin threatened violence against him. Accordingly, Plaintiff has failed to state a claim for violation of Section 51.7.

In his opposition, Plaintiff argues that he "alleged numerous threats of violence committed against Plaintiff because of his sex, race, color, religion, ancestry, national origin, disability, and

9

medical condition that were made by persons including persons named in this lawsuit that Plaintiff tape-recorded." Opp. at 7. Plaintiff further argues that Gordon & Rees "conspired against Plaintiff with all defendants named in this lawsuit." *Id*. A conclusory allegation that Gordon & Rees "conspired" with other defendants does not constitute sufficient facts to state a claim for violation of Section 51.7.

Third, Plaintiff alleges "unauthorized access" to his computer in violation of Penal Code § 502. Section 502(c) "prohibits, among other things, a person from knowingly accessing and without permission taking, copying or making use of any data from a computer, computer system or computer network." *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-5780-LHK, 2013 WL 5372341, at *7 (N.D. Cal. Sept. 25, 2013) (internal quotation marks and alterations omitted).

Here, Plaintiff conclusorily alleges that "on or about April and May of 2013, Heather Irwin, Gordon & Rees, LLP, and the State Bar compromised Plaintiff's computer in violation of Ca. P.C. 502." Compl. ¶ 382. Plaintiff fails to allege any facts in support of this. Specifically, Plaintiff does not show an unauthorized access to this computer by Defendants, nor does he show the theft or destruction of any data from his computer by Defendants. Plaintiff fails to state facts sufficient to state a claim for violation of Penal Code § 502.

Accordingly, the undersigned recommends that Plaintiff's claims against Gordon & Rees and Irwin be dismissed with prejudice.

### III. Leave to Amend

When amendment would be futile, a district court may dismiss a complaint without leave to amend. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, Plaintiff's claims seem to be frivolous. In addition, Plaintiff has filed over 40 administrative actions, small claims actions, and lawsuits in the past. Def. RJN, Exh. A, at 10. The number of previous administrative actions, small claims actions, and lawsuits that Plaintiff has filed, along with the number of defendants that Plaintiff has named in this lawsuit, strongly suggest that this action was filed for the purpose of harassing Defendants. In addition, although Plaintiff is proceeding pro se, he is not unschooled in the law. He has graduated from law school and passed the California Bar Exam.

**RECOMMENDATION**

Based on the foregoing, the court ORDERS that this case be reassigned to a District Judge. The undersigned RECOMMENDS that the District Judge grant, without leave to amend: (1) the motion to dismiss filed by the Judicial Council of California and Judge Julie R. Culver (Dkt. No. 88); (2) the motion to dismiss filed by the State Bar of California, the State Bar of California Client Security Fund, Lucy Armendariz, Judith A. Epstein, Catherine D. Purcell, Joann M. Remke, Allen Blumenthal, Cydney Batchelor, Susan Chan, Manuel Jimenez, Susan Kagan, Jayne Kim, Donald Steedman, Bill Stephens, Vincent Au, Lisa Cummins, Debra Lawson, Richard Frankel, Sean McCoy, Larry Sheingold, Randy Difuntorum, Lauren McCurdy, Andrew Tuft, Starr Babcock, Rachel S. Grunberg, William Shaffer, and Richard Zanassi (Dkt. No. 93); and (3) the motion to dismiss filed by Gordon & Rees LLP and Heather Irwin (Dkt. No. 90). Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: February 13, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-05336 HRL Notice will be electronically mailed to:**

Bruce Daniel Praet    bpraet@aol.com, csherman@law4cops.com, csmith@law4cops.com

Daniel Delacruz, Sr    danieldlc@aol.com

Danielle Adoracion Lee    danielle.lee@calbar.ca.gov, charlene.foster@calbar.ca.gov, lisa.ramon@calbar.ca.gov

Dennis Gary McCarthy    DMcCarthy@FentonKeller.com

James Washburn Sullivan    jim@lomgil.com, cheryl@lomgil.com, gina@lomgil.com, jim@lg-attorneys.com

Katherine Margaret Hogan    katherine.hogan@ci.salinas.ca.us

Kimberly M. Drake    kdrake@jarvisfay.com, ccampbell@jarvisfay.com, ctorres@jarvisfay.com, jennifer@jarvisfay.com

Marie Trimble Holvick    mholvick@gordonrees.com

Mark Allen Cameron    mcameron@fentonkeller.com

Michael Peter Masuda    mmasuda@nheh.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**