*E-Filed: June 18, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DELACRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE BAR OF CALIFORNIA; et al.,<br><br>    Defendants. | Case No. 14-cv-05336-EJD (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE SEPARATE REPORT #1**<br><br>Re: Dkt. No. 233 |

Daniel Delacruz, Sr., proceeding pro se, sues the State Bar of California, the Judicial Council of California, and others, for denying him a license to practice law. Plaintiff asserts nineteen claims against 51 defendants. The undersigned issued a Report and Recommendation ordering that the case be reassigned to a district judge because not all served parties had consented to magistrate judge jurisdiction and recommending that three motions to dismiss be granted: (1) the motion to dismiss filed by the Judicial Council of California and Judge Julie R. Culver (Dkt. No. 88); (2) the motion to dismiss filed by the State Bar of California, the State Bar of California Client Security Fund, Lucy Armendariz, Judith A. Epstein, Catherine D. Purcell, Joann M. Remke, Allen Blumenthal, Cydney Batchelor, Susan Chan, Manuel Jimenez, Susan Kagan, Jayne Kim, Donald Steedman, Bill Stephens, Vincent Au, Lisa Cummins, Debra Lawson, Richard Frankel, Sean McCoy, Larry Sheingold, Randy Difuntorum, Lauren McCurdy, Andrew Tuft, Starr Babcock, Rachel S. Grunberg, William Shaffer, and Richard Zanassi (collectively "State Bar Defendants") (Dkt. No. 93); and (3) the motion to dismiss filed by Gordon & Rees LLP and

1   Heather Irwin (Dkt. No. 90).   This case was reassigned to District Judge Edward J. Davila.

2        The State Bar Defendants have filed a "Discovery Dispute Separate Report #1," Dkt. No.
3   233, and Plaintiff has filed a response, Dkt. No. 234.  Defendants Irwin, Gordon Rees, Sue Antle
4   as the personal representative of the estate of Robert Antle, the City of Salinas (also sued as the
5   Salinas Police Department), Stephanie Sayler, Sayler Legal Services, City of Fresno, Fresno
6   Police Department, and Steven Card all join in the Discovery Dispute Separate Report #1.

7        The Discovery Dispute Separate Report #1 indicates that the parties communicated via
8   email regarding the discovery dispute.  The State Bar Defendants requested an in-person meeting.
9   Dkt. No. 233, Exh. 7.  However, Plaintiff declined an in-person meeting, asserting that "[a]ny
10  further meet and confer requirements can be met through . . . email communications" and "an in
11  person meeting would only constitute an unnecessary waste of valuable resources."  Dkt. No. 233,
12  Exh. 8.  In addition, the State Bar Defendants sent Plaintiff a draft discovery dispute joint report,
13  but Plaintiff objected to the draft joint report, necessitating the filing the Discovery Dispute
14  Separate Report.  Dkt. Nos. 9, 10.

15       Plaintiff is advised that if the parties are unable to reach an agreement regarding a
16  discovery dispute using customary convenient means of communication, then "LEAD COUNSEL
17  (and any unrepresented person), accompanied by anyone else whose presence is needed to fully
18  explore resolution, shall meet IN PERSON for as long as and as often as is needed to reach full
19  agreement."  Standing Order Re: Civil Discovery Disputes.  "[R]efusal to attend or to participate
20  meaningfully will be grounds for sanctions and/or for entry of an order in favor of the other side.
21  Except in extreme circumstances, excuses such as press of business, inconvenience, or cost will
22  not suffice."  *Id*.  Although the court will decide the present discovery dispute on the merits, the
23  court warns Plaintiff that a future refusal to meet and confer in person is grounds for sanctions
24  and/or for entry of an order in favor of Defendants, absent extreme circumstances.  In addition, the
25  parties must file a discovery dispute *joint* report.

26       As for the merits of the present discovery dispute, there is good cause to defer initial
27  disclosures.  The Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity
28  questions at the earliest possible stage in litigation."  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

"Until th[e] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In addition, a court may stay discovery "when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

Here, the undersigned has issued a Report and Recommendation, in which it is recommended that: (1) Plaintiff's claims against the Judicial Counsel and Judge Culver be dismissed with prejudice as barred by the Eleventh Amendment, Dkt. 152, at 5-6; (2) Plaintiff's claims against the Star Bar Defendants be dismissed with prejudice as barred by the Eleventh Amendment, *id.* at 6-7; and (3) Plaintiff's claims against Gordon & Rees and Irwin be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *id.* at 8-10. If this Report and Recommendation is adopted, it will be dispositive of the case against many of the defendants. Given the lack of merit of the complaint and the strong likelihood that resolution of the pending dismissal recommendation following the State Bar Defendants' motion to dismiss will dispose of the claims against the State Bar Defendants, a stay of discovery is warranted.

First, Plaintiff argues that the present discovery dispute is defective because it does not comply with Fed. R. Civ. P. 6(c)(1). Fed. R. Civ. P. 6(c)(1) provides that "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing." This rule is inapplicable here. According to the undersigned's Standing Order Re: Civil Discovery Disputes, discovery disputes are to be presented to the court in the form of discovery dispute joint reports, not as noticed motions.

Second, Plaintiff argues that he will be harmed if discovery is delayed. According to Plaintiff, discovery from the State Bar Defendants is required in order to obtain the identity of Defendant John Doe and the contact information for Defendants Joshua Sigal and Raquel Ramirez. However, Plaintiff fails to establish that it is likely that the State Bar Defendants possess this information.

Third, Plaintiff argues that the State Bar Defendants will not be harmed by being required to participate in discovery. According to Plaintiff, the State Bar Defendants expended unnecessary resources by "withholding and concealing documents from Plaintiff" and suggesting

3

that the parties meet and confer in person to resolve the present discovery dispute. Plaintiff does not state a basis for his conclusion that the State Bar Defendants are "withholding and concealing documents." In addition, the State Bar Defendants suggested that the parties meet and confer in person in order to comply with the undersigned's Standing Order Re: Civil Discovery Disputes, as explained above.

Fourth, Plaintiff challenges the undersigned's recommendation that: (1) Plaintiff's claims against the Judicial Counsel and Judge Culver be dismissed with prejudice as barred by the Eleventh Amendment; (2) Plaintiff's claims against the Star Bar Defendants be dismissed with prejudice as barred by the Eleventh Amendment; and (3) Plaintiff's claims against Gordon & Rees and Irwin be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The undersigned will not address the merits of the pending Report and Recommendation in the context of a discovery dispute.

Accordingly, the State Bar Defendants' request for a stay on discovery and on initial disclosures until after the adjudication of the pending dispositive motions, is granted.

**IT IS SO ORDERED.**

Dated: June 18, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

4