United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DANIEL DELACRUZ, SR.,
Plaintiff,

v.

THE STATE BAR OF CALIFORNIA, et al.,
Defendants.

Case No. 5:14-cv-05336-EJD

**ORDER:**

**ADOPTING REPORT AND RECOMMENDATION;**

**GRANTING DEFENDANTS' MOTIONS TO DISMISS;**

**DENYING AS MOOT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS;**

**GRANTING DEFENDANT'S MOTIONS FOR JOINDER;**

**DENYING PLAINTIFF'S MOTIONS TO STRIKE AND FOR JUDICIAL NOTICE; AND**

**DENYING ALL OTHER PENDING MOTIONS WITHOUT PREJUDICE**

Re: Dkt. Nos. 88, 90, 93, 115, 117, 127, 129, 133, 139, 140, 152, 166, 167, 181 184, 185, 187, 194, 197, 201

Plaintiff Daniel Delacruz, Sr. ("Plaintiff") asserts in this action that a sundry of individuals and entities - from the State Bar of California, a state court judge, a police officer, two municipalities, two law firms, two former employers, and various individuals associated with them - violated his civil rights and conspired to deny him the ability to practice law in this state.[1] While

[1] The court does not recite all of the factual allegations contained in the 84-page Complaint

they are numerous, most of the named defendants can be classified into seven groups: (1) the "State Bar Defendants,"[2] (2) the "Judicial Council Defendants,"[3] (3) the Gordon & Rees Defendants,[4] (4) the Fresno Defendants,[5] (5) the Salinas Defendants,[6] (6) the "Tanimura & Antle Defendants,"[7] and (7) the Sayler Defendants.[8] Other individual defendants are Richard Harray, Joshua Sigal and Raquel Ramirez.

Presently before the court is a Magistrate Judge's Report and Recommendation as well several motions for various forms of relief, the majority of which challenge the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes all pending matters and has filed two motions to strike and one motion for judicial notice.

Because Plaintiff alleges jurisdiction on the basis of a federal question, the court is primarily concerned with claims based in federal law and examines those claims first. Such examination proves dispositive of all motions challenging the Complaint. For reasons that will be explained, all federal claims against all defendants will be dismissed. The claims arising under

---

because they are extensive. Specific allegations are referenced where necessary.

[2] The "State Bar Defendants" are: The State Bar of California, The State Bar of California Client Security Fund as successor in interest for debtor Richard McLaughlin, Lucy Armendariz, Catherine D. Purcell, Judith A. Epstein, JoAnn M. Remke, Cydney Batchelor, Allen Blumenthal, Susan Chan, Lisa Cummins, Richard Frankel, Rachel S. Grunberg, Starr Babcock, Richard Zanassi, William Shaffer, Manuel Jimenez, Susan Kagan, Jayne Kim, Debra Lawson, Sean McCoy, Donald Steedman, Larry Sheingold, Bill Stephens, Vincent Au, Randy Difuntorum, Lauren McCurdy, and Andrew Tuft.

[3] The "Judicial Council Defendants" are: the Judicial Council of California and Judge Julie R. Culver.

[4] The "Gordon & Rees Defendants" are: Gordon & Rees LLP and Heather A. Irwin.

[5] The "Fresno Defendants" are: City of Fresno, Fresno Police Department and Officer Steven Card.

[6] The "Salinas Defendants" are: City of Salinas and Salinas Police Department.

[7] The "Tanimura & Antle Defendants" are: Tanimura & Antle, Inc., Mike Antle, Rick Antle, Carmen Ponce, Sue M. Antle as the personal representative for the Estate of Robert V. Antle, L&G, LLP, James Sullivan, and "John Doe."

[8] The "Sayler Defendants" are: Sayler Legal Service, Inc. and Stephanie Sayler.

United States District Court
Northern District of California

state law will, in turn, be dismissed for lack of subject matter jurisdiction.

## I. DISCUSSION

### A. The Magistrate Judge's Report and Recommendation

On February 13, 2015, Magistrate Judge Howard R. Lloyd issued a Report and Recommendation in which he recommended this court grant without leave to amend motions to dismiss filed by the Judicial Council Defendants, the State Bar Defendants, and the Gordon & Rees Defendants. See Docket Item No. 152. In reaching his recommendation, Judge Lloyd reasoned that Plaintiff's claims against the Judicial Council Defendants and the State Bar Defendants are barred by the Eleventh Amendment. As to the Gordon & Rees Defendants, Judge Lloyd determined that Plaintiff failed to state a claim, and should not be permitted to amend his allegations because his Complaint and litigation history, taken together, "strongly suggest that this action was filed for the purpose of harassing Defendants."

#### i. Applicable Legal Standards

*a. Review of Magistrate Judge's Recommendation*

Plaintiff filed an objection to the Report and Recommendation on February 23, 2015. See Docket Item No. 169. Accordingly, this court reviews Judge Lloyd's proposed findings and recommendation de novo. See 28 U.S.C. § 636(b).

*b. Federal Rule of Civil Procedure 12(b)(1)*

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.

1996).

*c. Federal Rule of Civil Procedure 12(b)(6)*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). This rule does not apply to legal conclusions - "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). In addition, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

**ii. Application**

*a. The State Bar Defendants and Judicial Council Defendants*

As noted, Judge Lloyd found that Plaintiff's claims against the State Bar Defendants and Judicial Council Defendants are barred by the Eleventh Amendment.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend XI. This language has been interpreted as a general bar to suits in federal court against a state government by that state's own citizens, by citizens of another state, or by citizens of a foreign state, and bars both federal and pendant state claims. See Montana v. Goldin, 394

F.3d 1189, 1195 (9th Cir. 2005); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984) (holding that Eleventh Amendment immunity "applies . . . to state-law claims brought into federal court under pendent jurisdiction."). In other words, unless sovereign immunity is clearly and unequivocally waived, the states are generally immune from claims for monetary damages brought in federal court. See Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 1658 (2011).

In addition to the state itself, governmental agencies considered arms of the state are also immune from suit in federal court under the Eleventh Amendment. Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir. 1992) ("Although the exact limits of the Eleventh Amendment are difficult to determine, it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent.").

It is has been established in this Circuit that the State Bar of California, including the State Bar Court and its other divisions and employees acting in an official capacity, are arms of the state for purposes of the Eleventh Amendment and cannot be sued for damages in federal court. Hirsh v. Justices of the Supreme Ct., 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from stage agencies such as California's Bar Association and Bar Court."); see Report and Recommendation, Docket Item No. 169, at p. 6:17-28 (explaining the establishment of the State Bar of California and the State Bar of California Client Security Fund). The same is true of the Judicial Council of California. Wolfe, 392 F.3d at 364 (9th Cir. 2004) ("Given the role of the Judicial Council, it is clearly a state agency."). Thus, much like Judge Lloyd did, this court concludes that Plaintiff's claims for damages against the State Bar Defendants and the Judicial Council Defendants are barred by the Eleventh Amendment, no matter their title and no matter the law upon which they are based.

In his objection, Plaintiff correctly argues that the state and it agencies are not entitled to Eleventh Amendment immunity for claims under Title II of the ADA. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004). But such exception does not assist Plaintiff with claims against the State Bar Defendants and Judicial Council Defendants. As Judge Lloyd

United States District Court
Northern District of California

correctly pointed out, Plaintiff has not stated a claim against these defendants under Title II of the ADA for several reasons. Nor can he.

First, the Ninth Circuit has explicitly held that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); see also Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003). Thus, there is no basis to impose liability under Title II of the ADA on any of the individually named defendants in anything other than their official capacities.[9]

Second, as to Judge Culver, she is absolutely immune from liability for any of the conduct attributed to her in the Complaint. Indeed, "[a] judge is generally immune from a civil action for damages," as well as from actions for declaratory, injunctive and other equitable relief. Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996). This immunity applies no matter how erroneous or injurious the alleged act, and is not lost through a judge's grave procedural errors or acts in excess of jurisdiction. Id. at 1244. Furthermore, judicial immunity protects judges even when a conspiracy with one party against another is alleged. Id. Although Plaintiff argues he has sued Judge Culver and the other defendants in their official and individual capacities, the Complaint does not attribute any unofficial conduct to the State Bar Defendants or Judicial Council Defendants.

Third, none of the alleged violations recited in the opposition are sufficiently tied to a disability. To state a claim under Title II of the ADA, a plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from

[9] The same can be said for the non-ADA claims as well. Plaintiff's theory of individual liability - that the defendants were acting outside of their official capacities as agents of his former employer, Tanimura & Antle, Inc. - fails. The allegation is merely a conclusion, and without facts to explain it or to even establish an agency relationship, it is entirely implausible. See Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp., 148 Cal. App. 4th 937, 964 (2007) (identifying the elements of an agency relationship).

participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Here, the Complaint is particularly deficient on the last element. There are simply no facts alleged which raise a plausible inference that any of the defendants discriminated against Plaintiff at any time because of a disability. Iqbal does not permit Plaintiff to simply declare it so in a conclusory fashion, nor does it condone unsupported speculation. 556 U.S. at 678 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'").

Fourth, and in any event, the Complaint makes clear that Plaintiff's claims against the State Bar Defendants and Judicial Council Defendants stem from purported deficiencies that occurred during the administrative admission proceedings before the State Bar Hearing Department, the State Bar Review Department, and, ultimately, the California Supreme Court, the last of which denied a petition for review.[10] Thus, aside from the doctrines already discussed, Plaintiff's claims are barred by the Rooker-Feldman doctrine because they raise issues that are inextricably intertwined with his individual state bar admission process and therefore constitute a prohibited de facto appeal that this court lacks jurisdiction to review. See Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003) (holding that "[a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal" and must also "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."); see also Craig v. State Bar of Cal., 141 F.3d 1353, 1354 (9th Cir. 1998) (explaining that "[u]nder California law, only the state supreme court . . . has the authority to grant or deny admission to the bar[,]" and holding that "[b]ecause [plaintiff sought] review of the California Supreme Court's decision to

[10] The State Bar Defendants' Request for Judicial Notice (Docket Item No. 93) is GRANTED. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record."). Whether or not Plaintiff waived confidentiality is of no moment to this court's consideration of those documents.

deny his individual application, the district court lacked subject matter jurisdiction" pursuant to the Rooker-Feldman doctrine).

Thus, upon de novo review, this court concludes that all of Plaintiff's federal claims against the State Bar Defendants and Judicial Council Defendants cannot be sustained and must be dismissed. Since Judge Lloyd's analysis yielded the same result, the court will adopt his recommendation and overrule Plaintiff's objection.

*b. The Gordon & Rees Defendants*

Despite the representation in the Complaint's "Preliminary Statement," Plaintiff asserts only one federal claim against the Gordon & Rees Defendants for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

"Congress enacted the CFAA in 1984 primarily to address the growing problem of computer hacking." United States v. Nosal, 676 F.3d 854, 858 (9th Cir. 2012). The CFAA prohibits several categories of computer-related conduct, "the majority of which involve[s] accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1131 (9th Cir. 2009) (citing 18 U.S.C. § 1030(a)). It provides for a private cause of action by "[a]ny person who suffers damage or loss by reason of a violation" of the CFAA. 18 U.S.C. § 1030(g). To state a claim under the CFAA, a plaintiff must plausibly allege "that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5)(B)," which section has since been amended and is now § 1030(c)(4)(A)(i). Brekka, 581 F.3d at 1131.[11]

Here, Plaintiff alleges the following:

> On or about April and on or about May of 2013, Plaintiff was monitoring Internet connections accessing his computer network and

[11] Contrary to what Plaintiff argues in his objection, Judge Lloyd did not convert a motion to dismiss into a motion for summary judgment by citing to Brekka. That case is relevant and applicable to the § 1030 claim to the extent it provides the elements that must be pled to overcome a motion to dismiss.

United States District Court
Northern District of California

> notified Heather Irwin that her law firm's Internet Protocol address had accessed Plaintiff's network. Subsequently, Plaintiff's email account was compromised with Spam emails being sent to various recipients including the State Bar from Plaintiff's email account that included links to pornographic websites.
>
> Plaintiff informed Ms. Irwin about the foregoing Spam emails and that Plaintiff's network was also accessed from an Internet access point just one block away from the State Bar's San Francisco office just prior to the illegal activity. Plaintiff also informed Ms. Irwin to warn her clients - the State Bar and its members - that any illegal activity to compromise Plaintiff's account would not be tolerated. As a result, Gordon & Reese, LLP published a job advertisement in search of employing a tech savvy individual to conceal their computer crimes.

See Compl., at ¶¶ 276-77.

Plaintiff contends these facts are sufficient to state a claim under § 1030(g) based on a violation of § 1030(a)(2). Judge Lloyd found otherwise. This court agrees with Judge Lloyd.

For a claim based on § 1030(a)(2), Plaintiff must plead facts establishing that the Gordon & Rees Defendants "(1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that [they] (3) thereby obtained information (4) from any protected computer[12] (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $ 5,000 in value." Brekka, 581 F.3d at 1132. The instant allegations are insufficient on the first, third, and fifth elements.

As to the first element, Plaintiff alleges only that he "notified Heather Irwin that her law firm's Internet Protocol address had accessed Plaintiff's network." That falls short of pleading that anyone, let alone the Gordon & Rees Defendants, intentionally accessed Plaintiff's "computer," a word with a specified meaning as used in the statute. See 18 U.S.C. § 1030(e)(1). A "network" is not necessarily a computer.

On the third element, Plaintiff does not plausibly allege that anyone "obtained information" as a result of the intentional access. This is so because he has not factually

[12] For § 1030, the Ninth Circuit has defined a "protected computer" as "effectively all computers with Internet access." Nosal, 676 F.3d at 859.

United States District Court
Northern District of California

connected anyone's intentional computer access to the subsequent spam emails. Indeed, but for Plaintiff's placement of the two sentences next to each other, there is nothing that reasonably relates the two events other than timing. In other words, Plaintiff has failed to "nudge" this theory "across the line from conceivable to plausible." Iqbal, 556 U.S. at 680.

For the fifth element, Plaintiff alleges a series of damages, including the denial of a law license, none of which are cognizable under §§ 1030(g) and 1030(c)(4)(A)(i). The statute defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). "To allege a loss under the CFAA, 'plaintiffs must identify impairment of or damage to the *computer system* that was accessed without authorization,'" or must point to costs necessary to upgrade security systems or to analyze the circumstances of the intrusion. AtPac, Inc. v. Aptitude Solutions, Inc., 730 F. Supp. 2d 1174, 1184-85 (Aug. 4, 2010) (emphasis added). "[S]ubsequent economic damage unrelated to the computer itself does not constitute 'loss.'" New Show Studios LLC v. Needle, No. 2:14-cv-01250-CAS(MRWx), 2014 U.S. Dist. LEXIS 90656, at *19, 2014 WL 2988271 (C.D. Cal. June 30, 2014). Plaintiff's losses do not qualify as either damages to a computer or as costs associated with the investigation and prevention of further unauthorized access.

For these reasons, Plaintiff has not stated a claim against the Gordon & Rees Defendants for a violation of § 1030.

**iii. Leave to Amend**

The court must now decide whether to accept Judge Lloyd's recommendation to dismiss claims against the State Bar Defendants, Judicial Council Defendants, and Gordon & Rees Defendants without leave to amend.

"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (internal citation and

United States District Court
Northern District of California

quotation marks omitted). In addition, the court understands that Plaintiff, although legally trained, is proceeding without an attorney. Under those circumstances,"[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

Because Plaintiff cannot overcome the immunity and other doctrines that prohibit claims against them, it is "absolutely clear" that Plaintiff cannot state a claim against the State Bar Defendants and Judicial Council Defendants. Thus, all claims against those defendants will be dismissed without leave to amend. However, the same cannot confidently be said of the §1030 claim asserted against the Gordon & Rees Defendants. It will be dismissed with leave to amend.

**B. The Fresno Defendants' and Salinas Defendants' Motions to Dismiss**

Under Rule 12(b)(6), the Fresno Defendants and Salinas Defendants argue that Plaintiff's § 1983 claims against them are untimely, barred by Heck v. Humphrey, 512 U.S. 477 (1994), and insufficiently pled. They are correct.

The statute of limitations for a § 1983 claim "is the personal injury statute of limitations of the state in which the cause of action arose." Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, the statute of limitations for this cause of action is two years. Cal. Civ. Proc. Code § 335.1. "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). Here, Plaintiff alleges he was aware of Officer Card's alleged misconduct in 1997 when he pled nolo contendere to a domestic violence charge. See Compl, at ¶ 40. The other alleged misconduct attributed to Officer Card - the reversal of his "could not remember" statement induced by the State Bar - occurred on May 16, 2012. Id. at ¶ 161. Thus, no matter which part of Officer Card's alleged misconduct is used to commence the limitations period, § 1983 claims against him filed on December 4, 2014, are untimely.

Plaintiff's claims against Officer Card are also barred by the Heck preclusion doctrine.

United States District Court
Northern District of California

Succinctly stated, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996). "[T]he relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." Id. (quoting Heck, 512 U.S. at 487). A judgment in favor of Plaintiff in this case, based partly on a finding that Officer Card falsified the facts underlying Plaintiff's domestic violence conviction, would "necessarily imply" the invalidity of that conviction, which is not alleged to have been nullified by the state court.[13]

Without a valid § 1983 claim against Officer Card, none of the other Fresno Defendants or Salinas Defendants can be held liable for constitutional violations under Monell v. Department of Social Services, 436 U.S. 658 (1978), which is the only legal basis upon which Plaintiff could base claims against those defendants. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have authorized the use of constitution excessive force is quite beside the point."). Thus, all Monell claims must also be dismissed.

For these reasons, the court finds it "absolutely clear" that Plaintiff cannot state a claim against the Fresno Defendants or Salinas Defendants. All claims against them will be dismissed without leave to amend.

### C. The Additional Motions to Dismiss

Motions to dismiss have been filed by several other defendants. These can be addressed collectively.

As noted, it is evident from the Complaint that all of the purported § 1983 violations stem from the denial of Plaintiff's application for admission to the State Bar, and each concentrates on

[13] Heck preclusion still applies even if Plaintiff was never imprisoned because it endures based on the fact of conviction, not punishment. It also applies even if Plaintiff obtained an expungement under California Penal Code § 1203.4. Campos v. City of Merced, 709 F. Supp. 2d 944, 961 (E.D. Cal. Apr. 28, 2010).

the defendants' conduct related to those proceedings to the extent they are actually implicated. Due to that focus, and as each of the additional motions to dismiss indicate, the Complaint fails to state a § 1983 claim against any of the remaining defendants in a manner that comports with Federal Rule of Civil Procedure 8. Principally, the pleading is neither "short" nor "plain." See Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" such as the one Plaintiff has filed "impose unfair burdens on litigants and judges." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180.

Furthermore, as to the remaining defendants, the Complaint does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and fails to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). All of the § 1983 claims against defendants other than the State Bar Defendants, Judicial Council Defendants, Fresno Defendants and Salinas Defendants will be dismissed with leave to amend on those grounds, to the extent such claims have been asserted.

Plaintiff has not stated a retaliation claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), which make it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding." "The elements of a retaliation claim under § 15(a)(3) of the FLSA's anti-retaliation provision are: (1) the plaintiff must have engaged in statutorily protected conduct under § 15(a)(3) of the FLSA, or the employer must have erroneously believed that the plaintiff engaged in such conduct; (2) the plaintiff must have suffered some adverse employment action; and (3) a causal link must exist between the plaintiff's conduct and the employment action." Singh v. Jutla & C.D. & R's Oil, Inc., 214 F. Supp. 2d 1056, 1059 (N.D. Cal. 2002).

United States District Court
Northern District of California

Of all the defendants named in the Complaint, the FLSA retaliation claim can only implicate the Tanimura & Antle Defendants and the Sayler Defendants since none of the other defendants are alleged to have ever employed Plaintiff. See Foxgord v. Hischemoeller, 820 F.2d 1030, 1035 (9th Cir. 1987) ("Under the maxim of statutory construction, 'expressio unius est exclusio alterius,' where a statute names the parties who come within its provisions, other unnamed parties are excluded."); Harper v. San Luis Valley Regional Med. Center, 848 F. Supp. 911, (D. Colo. 1994) ("[Section] 215(a)(3) specifically identifies those individuals who come within its provisions i.e. employees. Therefore, other unnamed parties such as non-employee job applicants are excluded from its protection."). As to them, it is implausible that anything occurring in and after 2010 can be considered an "employment action" when Plaintiff admits he was terminated from employment at Tanimura & Antle in 1996, and ended employment with Sayler Legal Service in 1999. See Compl., at ¶¶ 188, 252. In addition, the amount of time that expired between the protected conduct and the alleged retaliation - a span of 10 to 14 years - is too great to infer a plausible causal link between Plaintiff's conduct and the retaliation, even if there was some qualifying "employment action."

Because it is clear Plaintiff cannot state a FLSA retaliation claim against his former employers, it will be dismissed without leave to amend.

**D. The § 1985 Conspiracy Claim**

The dismissal of all § 1983 claims also requires the dismissal of the § 1985 conspiracy claim against all defendants. See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."). That claim will also be dismissed with leave to amend against defendants other than the State Bar Defendants, Judicial Council Defendants, Fresno Defendants and Salinas Defendants.

**E. The Claims Based on Criminal Statutes**

Plaintiff has attempted to state claims under three criminal statutes, 18 U.S.C. §§ 872, 875 and 1349. He cannot do so as a matter of law because they do not provide for civil liability. See

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The court will sua sponte dismiss claims under these statutes with prejudice. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

**F. The State Law Claims**

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)

Having determined that all of Plaintiff's federal claims must be dismissed, all that remains are claims based in state law. The court therefore finds that state-law issues substantially predominate at this point and declines to exercise supplemental jurisdiction over the remaining claims. They will not be addressed and will instead be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

**II. ORDER**

Based on the foregoing:

1. The court ADOPTS the Report and Recommendation issued by Magistrate Judge Howard R. Lloyd on February 13, 2015 (Docket Item No. 152), such that the motions to dismiss filed by the State Bar Defendants (Docket Item No. 93), Judicial Council Defendants (Docket Item No. 88) and Gordon & Rees Defendants are GRANTED.

All claims asserted against the State Bar Defendants and Judicial Council Defendants are DISMISSED WITHOUT LEAVE TO AMEND. As to the Gordon & Rees Defendants, the claim

United States District Court
Northern District of California

under 18 U.S.C. § 1030 is DISMISSED WITH LEAVE TO AMEND, and any state law claims are DISMISSED WITHOUT PREJUDICE.

2. The motions to dismiss filed by the Fresno Defendants and Salinas Defendants (Docket Item Nos. 127, 133) are GRANTED. The §§ 1983 and 1985 claims asserted against them are DISMISSED WITHOUT LEAVE TO AMEND. Any state law claims are DISMISSED WITHOUT PREJUDICE.

3. All other motions to dismiss filed by all other parties (Docket Item Nos. 117, 139, 166, 184) are GRANTED. Any claim under §§ 1983 or 1985 asserted against any other defendant is DISMISSED WITH LEAVE TO AMEND. The joinder motions (Docket Item Nos. 181, 187) are GRANTED.

The retaliation claim under 29 U.S.C. § 215(a)(3) is DISMISSED WITHOUT LEAVE TO AMEND.

Any other state law claim asserted against any other defendant is DISMISSED WITHOUT PREJUDICE. The Sayler Defendants' motion for judgment on the pleadings (Docket Item No. 129) is DENIED AS MOOT.

4. Any claim asserted against any defendant for violation of 18 U.S.C. §§ 872, 875 and 1349 is DISMISSED WITH PREJUDICE.

5. Plaintiff's motions to strike several reply declarations (Docket Item Nos. 194, 197) are DENIED. His request for judicial notice (Docket Item No. 201) is DENIED because the documents attached are not relevant to a resolution of these matters. See Ruiz v. City of Santa Maria, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice, in part because information to be noticed did not bear on the "relevant issue" before the court).

6. All other pending motions (Docket Item Nos. 115, 140, 167, 185) are DENIED WITHOUT PREJUDICE.

Any amended complaint must be filed on or before **October 16, 2015**, and must be consistent with the discussion above. Plaintiff is advised that, although leave to amend has been permitted, he may not add new claims or new parties to this action without first obtaining

defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15. He also may not restate any claim against any defendant that has been dismissed with prejudice or without leave to amend. Any amended complaint which purports to do so, or which on its face is inconsistent with the pleading standard described in Federal Rule of Civil Procedure 8, will be stricken.

Further, Plaintiff is reminded of his obligations under Federal Rule of Civil Procedure 11. By signing an amended complaint, Plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by Plaintiff or others. In particular, Plaintiff must abide by the prohibition on filing pleadings that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

In addition, Plaintiff is advised that the court will dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline designated herein.

The court declines to set a case management schedule at this time given the dismissal of all claims.

**IT IS SO ORDERED.**

Dated: September 29, 2015



EDWARD J. DAVILA
United States District Judge