UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL DELACRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE BAR OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-05336-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS**<br><br>Re: Dkt. Nos. 277, 296, 297, 298 |

Plaintiff Daniel Delacruz ("Plaintiff") alleges in this action that the defendants violated his civil rights and conspired to deny him the ability to practice law in this state. Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court are four motions filed by Plaintiff. Dkt. Nos. 277, 296-298. These motions are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for May 12, 2016, is VACATED. Having carefully considered the pleadings, the court finds, concludes and orders as follows:

1. In the first motion (Dkt. No. 277), Plaintiff seeks an order for the recovery of expenses and costs pursuant to a portion of California Civil Procedure Code § 425.16(c)(1) which provides: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." This motion is misplaced. In the order addressing various motions filed on September 29, 2015 (Dkt. No. 250), the court denied all then-pending § 425.16 motions without prejudice after all claims in Plaintiff's complaint were dismissed on other grounds. The court did not reach the merits of the § 425.16 motions nor did it find that such motions were frivolous. Accordingly, this motion is DENIED.

2.      The second motion is one seeking partial summary judgment (Dkt. No. 296). This motion is premature. Although Federal Rule of Civil Procedure 56 allows a motion for summary judgment to be filed "at any time," the rule also permits the court to "defer considering the motion or deny it," to "allow time to obtain affidavits or declarations or to take discovery," or to "issue any other appropriate order." Here, regardless of whether or not Plaintiff's arguments are meritorious, the defendants are entitled to an opportunity to pursue discovery before responding to any motion for summary judgment. But since dispositive motions challenging the pleadings remain under advisement, Judge Lloyd's order staying discovery remains in effect. Thus, since the parties have yet to engage in any meaningful investigation of Plaintiff's claims, the motion for partial summary judgment is DENIED WITHOUT PREJUDICE to being renewed at a later stage.

3.      In the third and fourth motions (Dkt. Nos. 297, 298), Plaintiff moves for an order requiring the Clerk of Court "to enter a mandated default" against two defendants, Raquel Ramirez and Joshua Sigal. The court finds Plaintiff's arguments unpersuasive. Entry of default is not mandated under these circumstances; to the contrary, proceedings in default are generally disfavored. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). "Cases should be decided upon their merits whenever reasonably possible." Here, entry of default against Ramirez and Sigal is inappropriate because both have demonstrated an intent to defend this action by filing motions in response to the Amended Complaint. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988) (holding that entry of default is inappropriate if a defendant indicates its intent to defend the action). Consequently, the Clerk correctly declined to enter the defaults. The motions seeking such relief are therefore DENIED.

**IT IS SO ORDERED.**

Dated: May 9, 2016

_____
EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:14-cv-05336-EJD
ORDER DENYING PLAINTIFF'S MOTIONS