UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL DELACRUZ SR.,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE ANTLE, et al.,<br><br>    Defendants. | Case No. 5:14-cv-05336-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**<br><br>Re: Dkt. No. 334 |

## I. INTRODUCTION

Plaintiff Daniel Delacruz Sr. ("Plaintiff") applied to practice law in this state but was unsuccessful in overturning an adverse moral character determination from the Committee of Bar Examiners (the "State Bar"), taking his challenge through each level of the state's administrative process, then to the California Supreme Court, and eventually to the United States Supreme Court. Plaintiff subsequently initiated this action against no fewer than 50 defendants - essentially suing anyone involved in the proceedings before the State Bar. After granting 16 motions to dismiss filed in response to two versions of the complaint (Dkt. Nos. 250, 331), this court dismissed all of Plaintiff's causes of action without leave to amend and entered judgment in favor of the defendants. Dkt. No. 332.

Plaintiff now moves for relief pursuant to Federal Rule of Civil Procedure 60(b). Dkt. No. 334. Several defendants have filed written opposition to the motion. The court finds this matter

Case No.: 5:14-cv-05336-EJD
ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER
1

suitable for decision without oral argument and will vacate the hearing scheduled for October 26, 2017. Because Plaintiff has not presented any valid justification to set aside the order or judgment that ended this action, the Rule 60(b) motion will be denied for the reasons explained below.

## II. LEGAL STANDARD

Plaintiff specifies two portions of Rule 60(b). The first permits the court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When such a request is timely filed, mistake and inadvertence by the judge can be encompassed by this provision. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (holding the district could should give great weight to the interest of finality if a Rule 60(b) motion based on judicial mistake is filed after expiration of the time to file a direct appeal). Importantly, however, the purpose of Rule 60(b)(1) is not provide disappointed litigants a "'second bite of the apple' . . . to submit additional argument or evidence" that was or could have been submitted previously. In re Exodus Commc'ns, Inc. Sec. Litig., No. C-01-2661-MMC, 2006 WL 3050829, at *2 (N.D. Cal. Oct. 26, 2006).

The second portion is a catchall provision based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision must be "used sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "[O]nly where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment" should Rule 60(b)(6) be invoked. Id.

## III. DISCUSSION

Plaintiff believes the court made several errors in the most recent order addressing motions to dismiss. Each purported error is addressed below, but none qualify for relief.

### A. Case Law Cited by the Court Does Not Support Plaintiff

First, Plaintiff believes the court misinterpreted two cases, Sandpiper Village Condominium Association, Inc. v. Louisiana-Pacific Corporation, 428 F.3d 831 (9th Cir. 2005), and Marder v. Lopez, 450 F.3d 445 (9th Cir. 2006), and contends instead these cases support his

Case No.: 5:14-cv-05336-EJD
ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER
2

positions. As to Sandpiper Village, Plaintiff's argument demonstrates a misunderstanding of the basis for citing this case, and in doing so persists in failing to appreciate the basic mechanics of res judicata and collateral estoppel. The quoted statement in the dismissal order from Sandpiper Village (Dkt. No. 331, at 6:14-18) reflects the unextraordinary principle that these preclusion doctrines only arise between prior and subsequent actions. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a *prior action*."); Wolfson v. Brammer, 616 F.3d 1045, (9th Cir. 2010) (observing that collateral estoppel applies to preclude relitigation of issues conclusively determined in a prior action). Neither doctrine works to preclude parties from raising arguments in the same case, and Plaintiff did not produce any authority supporting his apparent proposition otherwise. Sandpiper Village, which itself required the court to compare a state court lawsuit with a federal one, certainly does not qualify as such authority.

But even if Plaintiff were correct, the court provided other reasons why then-moving defendants were not precluded from raising the Rooker-Feldman doctrine or the Noerr-Pennington doctrine against the First Amended Complaint. The court observed that neither doctrine was analyzed in relation the moving defendants as part of the first dismissal order, that no decision on their application to those defendants was therefore provided, and that it made little sense to preclude potential arguments challenging a new pleading that supersedes the previous one. In other words, there was no potential for the relitigation of any issue previously decided between the first round of motions to dismiss and the second round.

As to Marder, the court disagrees that it supports Plaintiff's contention that relevant legal arguments raised in a subsequent lawsuit are precluded by a written release of "claims" made in prior litigation. Marder was cited for the rule that "[t]he interpretation of a release is governed by the same principles applicable to any other contractual agreement." 450 F.3d at 449. Under such rules, a contract is interpreted with "[t]he 'clear and explicit' meaning" of its words as used "in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage.'" In re Marriage of Lafkas, 237 Cal. App. 4th 921, 932

Case No.: 5:14-cv-05336-EJD
ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER
3

(2015). The term "claims" does not encompass legal arguments when considered in its "ordinary and popular sense," and there is no indication the parties attached a special meaning to that word in the settlement agreement.

Because Plaintiff's assessments of Sandpiper Village and Marder are unpersuasive, the court rejects the argument based on purported misinterpretation of those cases.

### B. Plaintiff's Arguments Against Noerr-Pennington are Ineffective

Next, Plaintiff argues the court mistakenly determined the defendants' alleged conduct constituted immunized "petitioning activity" under the Noerr-Pennington doctrine. Notably, the parsing of specific conduct as uncovered by Noerr-Pennington, which Plaintiff attempts to do in this motion, could have been accomplished in response to the defendants' motions to dismiss raising the doctrine. Plaintiff cannot obtain relief under Rule 60(b)(1) based on a belated parsing after the court has ruled on the issue. See Exodus Commc'ns, 2006 WL 3050829, at *2.

In any case, Plaintiff's arguments are nonetheless misplaced if considered on their substance. Plaintiff does not explain how any of the conduct he believes escapes a Noerr-Pennington bar is relevant to the elements of the federal claims addressed by the court. Furthermore, the superficial designation of the defendants' pretrial contact with the State Bar as part of a "discovery process" is unpersuasive. As opposed to "communication between parties as an aid to litigation" which is not protected petitioning conduct (Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1184 (9th Cir. 2005)), the allegations in the First Amended Complaint established that the defendants communicated information directly to a state agency in conjunction with a licensing proceeding. This distinction is important when applying a doctrine that seeks to "to avoid burdening conduct that implicates the protections afforded by the Petition Clause." Sosa v. DIRECTV, Inc., 437 F.3d 923, 931 (9th Cir. 2006).

Plaintiff's alternative analysis of the judicial sham exception to Noerr-Pennington is similarly of no moment. Like his preceding arguments, Plaintiff could have raised his thoughts concerning the judicial sham exception in opposition to the defendants' motions to dismiss, but did not. Indeed, the court noted as much in the dismissal order (Dkt. No. 331, at 10:13), but

Case No.: 5:14-cv-05336-EJD
ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER
4

considered the exception in the spirit of completeness. The failure to present a potentially relevant argument cannot support relief under Rule 60(b)(1). And, at any rate, the court is not convinced its analysis of the exception was mistaken.

In sum, the arguments against application of the Noerr-Pennington doctrine do not show the court mistakenly applied it to the allegations of the First Amended Complaint.

### C. Plaintiff's Remaining Arguments are Unpersuasive

As a final matter, the court dismisses Plaintiff's remaining arguments because they are unpersuasive. As the court understands it, Plaintiff contends the order dismissing his First Amended Complaint treats him as a "second class citizen" and renders him unable to enforce a stipulated restraining order. Assuming Plaintiff invokes Rule 60(b)(6) with this statement, he does not describe the sort of "extraordinary circumstances" which can qualify for relief under that provision. See Alpine Land, 984 F.2d at 1049. Nor is it established how this court, by simply ruling on motions to dismiss, prevented Plaintiff from seeking to enforce the restraining order before the state court that actually issued it.

Plaintiff also contends this court retains subject matter jurisdiction over his state-law causes of action because he invoked Rule 60's "independent action" provisions "for injunctive relief from the permanent injunction." According to the First Amended Complaint, the referenced permanent injunction was issued by the Monterey County Superior Court. Since a Rule 60 "independent action only permits a party to move for relief from judgment or order entered by the district court to which the motion is made, and "does not apply to challenges to state courts' final judgments," the precise relief requested by Plaintiff is improper as a matter of law. See N. Highlands I, II, LLC v. Comerica Bank, 328 Fed. App'x 358, 360 (9th Cir. 2009). The fact the allegation is in the First Amended Complaint cannot effectively bestow federal jurisdiction, or change the outcome.

### IV. ORDER

The motion for relief under Rule 60 (Dkt. No. 334) is DENIED. The hearing scheduled for October 26, 2017, is VACATED. Any pending motions to appear telephonically are

Case No.: 5:14-cv-05336-EJD
ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

5

TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 20, 2017

_____
EDWARD J. DAVILA
United States District Judge